# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**WILLIE MORRIS, # 106789**                                            **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 5:16-cv-122-DCB-MTP**

**WARDEN WALKER, ET AL.**                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Motion [32] for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. Plaintiff has not responded to the Motion and his time to do so has passed. *See* Order [34]. Having considered the motion, the record, and applicable law, the undersigned recommends that the Motion [32] be GRANTED and this matter be dismissed without prejudice.

## FACTUAL BACKGROUND

Plaintiff Willie Morris, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of Mississippi Department of Corrections ("MDOC"), and is currently housed at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983, on or about December 6, 2016.

The Court held an Omnibus hearing in the matter on March 23, 2018. According to Plaintiff, the Vice Lords gang has a "kill on sight" order for him. *See* Complaint [1] at 4; *see also* Omnibus Order [34] at 2. Plaintiff claims that upon his arrival at WCCF, he informed Treel Daniels and Allen Chapman that his life was in danger, but they told him he would be fine and placed him in a holding cell with seven other inmates. *Id*. Plaintiff asserts that he should not have been placed in that cell because he had previously placed a "red tag" on one of the inmates when housed at a

previous prison. "Red tagged" inmates are generally separated from one another. According to Plaintiff, he was later stabbed by this inmate and was taken to the hospital. *Id.* After receiving medical attention, Plaintiff was placed in segregation.

Plaintiff claims he is in fear for his life because others are still attempting to harm him. He further asserts that Warden Walker will not transfer him to another prison. Plaintiff seeks compensatory damages and injunctive relief in the form of an order requiring prison officials to transfer him to Central Mississippi Correctional Facility.

Defendants filed their Motion [32] for Summary Judgment on March 21, 2018, asserting that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing his claim. On March 23, 2018, the Court directed Plaintiff to respond to the motion on or before April 6, 2018, and he has not done so. *See* Order [34]. As the deadline for Plaintiff to respond has passed, the motion is now ripe for disposition.

## STANDARD

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343

2

(5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## ANALYSIS

Defendants assert that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process." *Id.* at 85.

The United States Court of Appeals for the Fifth Circuit has upheld the grant of summary judgment for failure to exhaust administrative remedies where the evidence revealed that an inmate has not followed prison guidelines for filing grievances. *Stout v. North-Williams*, 476 Fed. App'x 763, 765 (5th Cir. 2012). Furthermore, courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. *See, e.g., Woodford,* 548 U.S. at 83-84; *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a

"strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cnty. Medical Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all administrative procedural rules). "It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of their incarceration. The ARP is a two-step process. Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. *See Kelly v. Mgmt. & Training Corp.*, 2017 WL 4284598, at *3 (S.D. Miss. Sept. 27, 2017).

In support of their defense that Plaintiff failed to properly exhaust his claims before filing suit in this court, Defendants offer the sworn affidavit of Janice Williams, an MDOC employee who works as the Administrative Remedy Program Coordinator at WCCF. *See* [32-1]. They also

submit Plaintiff's grievance form which he filed while at WCCF. *Id.* at 3-10. In her affidavit, Williams states that Plaintiff filed an ARP grievance on or about October 31, 2016, and the Complaint was filed on December 6, 2016, about 37 days later. Major Terry Daniel submitted a First Step Response on January 2, 2017, and Morris then appealed to the second step. The two-step ARP process was completed on February 3, 2017, when Morris received a Second Step Response from Warden Bradley. [32-1] at 5-10. According to Williams, Plaintiff has not submitted any other administrative grievances regarding his safety or altercations with inmates since he was transferred to WCCF.

According to Plaintiff's ARP file, Plaintiff started the ARP process regarding this claim before filing his suit and he ultimately exhausted his administrative remedies — but *only* after filing the instant action. *Id.* In fact, Plaintiff was actively pursuing the ARP process for the claims at issue after he filed this suit. One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Morris did not provide prison officials this opportunity. The record before the Court shows that Morris did not exhaust the ARP process before he filed suit.

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*. Plaintiff has not made

such a showing. Here, the ARP process was available and Plaintiff was able to file a grievance, but he did not exhaust the ARP process before filing suit. Accordingly, the undersigned recommends that this case be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. Defendants' Motion [32] for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies be GRANTED;

2. This action be dismissed without prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 24th day of April, 2018.

s/ Michael T. Parker
United States Magistrate Judge
