IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIE MORRIS, #106789 PLAINTIFF

VS. CIVIL ACTION NO. 5:16-CV-122-DCB-MTP

WARDEN WALKER, et al. DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 37)**, to which no objections were filed by the plaintiff. Having carefully reviewed the Report and Recommendation, and applicable statutory and case law, the Court finds that the Defendant's Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies should be granted and this matter be dismissed without prejudice.

I. Background

Plaintiff Willie Morris ("Morris") is a post-conviction inmate in the custody of Mississippi Department of Corrections ("MDOC"), and is currently housed at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. On December 6, 2016, Plaintiff, proceeding pro se and in forma pauperis, filed an instant civil rights action pursuant to 42 U.S.C. § 1983. (docket entry 1). On February 7, 2018, the Court issued a Writ of Habeas Corpus Ad Testificandum, directing the

Warden of the Wilkinson County Correctional Facility to transport Morris to appear before the Court for an Omnibus hearing. (docket entry 31). The Omnibus hearing was held on March 23, 2018. (docket entry 30).

According to the Plaintiff, the Vice Lords gang has a "kill on sight" order for him. (docket entry 1). The Plaintiff claims that upon his arrival at the WCCF in 2015, he informed correctional staff employees Terry Daniels and Allen Chapman that he needed to be placed in segregation because his life was in danger. He further claims that Daniels and Chapman told him he would be fine and placed him in a holding cell with seven other inmates, where he was ultimately attacked by gang members. Plaintiff asserts that he should not have been placed in that cell because of a "red tag" he placed on one of the inmates at a previous prison. When an inmate "red tags" another, the inmates are generally separated from one another. According to the Plaintiff, he was later stabbed by this inmate and taken to the hospital. After receiving medical attention, he was placed in segregation. He further asserts that Warden Walker will not transfer him to another prison.

Plaintiff claims that other inmates continue to make threats and that he is still in fear for his life. Plaintiff seeks compensatory damages and injunctive relief in the form of an order, requiring prison officials to transfer him to the Central Mississippi Correctional Facility.

On March 21, 2018, the Defendants filed their Motion for Summary Judgment, asserting that this matter should be dismissed for the Plaintiff's failure to exhaust his administrative remedies, prior to the filing of his claim. (docket entry 32).

II. Magistrate Judge's Recommendation

Magistrate Judge Michael T. Parker entered his Report and Recommendation on April 24, 2018, wherein he considers Defendant's Motion for Summary Judgment. He recommends that the Defendant's Motion for Summary Judgment should be granted for Plaintiff's failure to exhaust administrative remedies prior to the filing of his Complaint, pursuant to Rule 56 of the Federal Rules of Civil Procedure and 42 U.S.C. § 1997e(a).

A. Standard

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the moving party to carry its burden." Beck v. Texas State Bd. Of Dental Examiners, 204 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986)). The court must view "the evidence in the light most favorable to the nonmoving party." Id. However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Turner v. Baylor Richardson Medical Center, 476 F.3d 337, 343 (5th Cir. 2007) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 199 (5th Cir. 1988); see also Celotex, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

B. Analysis

Defendants assert that because of the Plaintiff's failure to fully exhaust his administrative remedies prior to the filing of this suit, this matter should be dismissed. Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), prisoners are required to exhaust any available administrative remedies prior to filing suit. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective

administrative grievance or appeal” because “proper exhaustion of administrative remedies is necessary.” Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). Even if a prisoner seeks relief that cannot be granted by the administrative process such as monetary damages, he must first exhaust all administrative remedies prior to filing suit. Id. at 85.

Courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. See Woodford, 548 U.S. at 83-84; Johnson v. Ford, 261 Fed. App’x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a “strict approach” to the PLRA’s exhaustion requirement); Lane v. Harris Cnty. Medical Dep’t, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all administrative procedural rules). “It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.” Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. The MDOC has set up an Administrative Remedy Program ("ARP") where a prisoner, through a two-step process, can seek formal review of a complaint relating to any aspect of his incarceration. First, inmates are required to submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. After screening, if a grievance is accepted into the ARP, the request is forwarded to the appropriate official who issues a First Step Response. If the inmate is unsatisfied with the response, he may proceed to the Second Step by sending his grievance to the Legal Claims Adjudicator using form ARP-2. The Superintendent, Warden, or Community Corrections Director will make a final decision, and if the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. <u>See</u> <u>Kelly v. Mgmt. & Training Corp.</u>, 2017 WL 4284598, at *3 (S.D. Miss. Sept. 27, 2017).

As evidence of the Plaintiff's failure to exhaust his administrative remedies before filing this claim, the Defendants offered the sworn affidavit of Janice Williams ("Williams"), an MDOC employee who works as the Administrative Remedy Program Coordinator at WCCF. (docket entry 32-1). They also submitted the grievance form the Plaintiff filed at the WCCF. In Williams' affidavit, she states the Plaintiff filed an ARP grievance on or

about October 31, 2016. Prior to receiving the First Step Response, Plaintiff filed his Complaint to this Court on December 6, 2016. On January 2, 2017, Defendant Major Terry Daniel submitted a First Step Response, and Plaintiff appealed to the second step. The two-step ARP process was completed on February 3, 2017. According to Williams, he did not complete the required second step, prior to filing the Complaint, as required by the MDOC.

There is no genuine dispute that the Plaintiff filed his complaint before exhausting his administrative remedies available to him through the ARP two-step process. According the Plaintiff's ARP file, he ultimately exhausted his administrative remedies through the ARP process, but only after filing the instant action. Plaintiff started the ARP process on October, 31, 2016; filed the Complaint on December 6, 2016; and completed the ARP two-step process on February 3, 2017. One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address the complaints internally." Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004). The Plaintiff did not allow the prison to have this opportunity when he filed suit prior to exhausting the ARP's two-step process.

The exhaustion requirement is not absolute; there are exceptions, but these exceptions only apply in "extraordinary

circumstances." Broderick v. Chapman, 364 Fed. App'x 111, 112 (5th Cir. 2010). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). The prisoner bears the burden of demonstrating the futility or unavailability of administrative review. Id. Plaintiff has not made such a showing.

In his Report and Recommendation, Magistrate Judge Parker finds that the Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies should be granted, and that this action should be dismissed without prejudice.

Accordingly,

THE COURT HEREBY ADOPTS the Report and Recommendation **(docket entry 37)** of Magistrate Judge Parker as the findings and conclusions of this Court and dismisses this matter without prejudice.

A final judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 8th day of June, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE